IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**PERCELL WILLIAMS,**

    Plaintiff,

v.                                                                                                        Civil Action No. **3:17CV38**

**NURSE HEARN,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Percell Williams, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on March 24, 2017, this Court dismissed the action without prejudice because Percell failed to comply with the Court's directives to return a completed *in forma pauperis* affidavit form and a consent to collection of fees form.

On April 3, 2017, the Court received a letter from Williams that the Court construes as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 7). Williams states that he "sent in the forms needed [and] also filled them out in full not in part, and if this was so the case why wasn't the forms sent back to me complete? I sent in all forms for case #3:17cv-00038-JAG-RCY way before my 30 days was up, so there shouldn't have been a dismissal on this matter." (*Id.* at 1.) Williams asks the Court to "refile this matter." (*Id.*)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although the Court received no forms from Williams, because Williams contends that he returned the requisite forms to the Court, the Court would reopen his case to prevent manifest injustice. However, on April 19, 2017, Williams filed a new complaint against the same Defendants. As Williams had not been granted *in forma pauperis* status in this case, and it was dismissed in its earliest stages, Williams's Rule 59(e) Motion will be DENIED AS MOOT. The Court will continue to process the action filed as *Williams v. Hearn*, No. 3:17CV308 (E.D. Va. Apr. 19, 2017).

An appropriate Order will accompany this Memorandum Opinion.

Date: 5/1/17
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

2